**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| PABLO NAJERA RANGEL,<br><br>Petitioner,<br><br>v.<br><br>MARKWAYNE MULLIN, et al.,<br><br>Respondents. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. CIV-26-568-D |

# ORDER

Before the Court is Petitioner's Motion for Immediate Release [Doc. No. 18]. In his Motion, Petitioner asks the Court to order his immediate release from Respondents' custody.

Petitioner filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 [Doc. No. 1], in which he asserted that his detention was violative of the Immigration and Nationality Act, 8 U.S.C. § 1101 *et seq.* (INA). In a prior Order [Doc. No. 15], the Court granted in part Petitioner's habeas petition, found that 8 U.S.C. § 1226(a) controls Petitioner's detention, and ordered Respondents to provide Petitioner with a prompt bond hearing under § 1226(a), or release Petitioner.

In the present motion, Petitioner advises the Court that he received a bond hearing on June 18, 2026, but takes issue with the Immigration Court's bond denial on the grounds that it was "contradict[ory], unlawful[], [and] unprofessional." [Doc. No. 18, at 2]. He asserts that the Immigration Judge failed to explain how he is "a security threat, community danger or flight risk." *Id.* at 1.

On July 9, 2026, Petitioner filed with the Court a Notice, to which he attached the Immigration Judge's bond denial from June 18, 2026 [Doc. No. 20-1, at 1-2].[1] In it, the Immigration Judge denied bond, stating the following: "Respondent has committed two cases of driving while intoxicated as well as a violence against family charge is pending. Respondent has not met his burden of proving he is not a danger to this community." *Id.* at 1. In the present motion, Petitioner asserts that the bond denial order is contradictory because he was previously released from DHS custody on February 19, 2023, and was not subject to mandatory detention then because he "was not a threat to com[m]unity or Danger to a person[.]" [Doc. No. 18, at 1].

Although the Court acknowledges Petitioner's prior release on his own recognizance, the Court's order only directed Respondents to provide Petitioner with a bond hearing in accordance with 8 U.S.C. § 1226. [Doc. No. 15]. Petitioner received a bond hearing on June 18, 2026. The Court does not have jurisdiction to review a discretionary bond determination by an Immigration Judge. *See* 8 U.S.C. § 1226(e) ("The Attorney General's discretionary judgment regarding the application of this section shall not be subject to review. No court may set aside any action or decision by the Attorney General under this section regarding the . . . revocation or denial of bond or parole.").[2] In this case,

---

[1] Petitioner also filed with the Court a separate Notice, informing the Court that he has not been "provided a final hearing" by the Department of Homeland Security (DHS), and that DHS's repeated rescheduling of his Immigration Cout hearings have violated his constitutional rights. Doc. 19, at 1.

[2] This statute refers to the Attorney General; however, Congress has empowered the DHS Secretary to enforce the INA. *See Nielsen v. Preap*, 586 U.S. 392, 397 n.2 (2019).

despite that the Immigration Judge's bond denial order is brief, Petitioner has not shown that the bond hearing failed to comply with this Court's prior Order to provide Petitioner with a bond hearing pursuant to 8 U.S.C. § 1226. Although Petitioner disagrees with the Immigration Judge's determination that he is a danger to the community, Petitioner's motion does not provide the Court with legal authority to review the Immigration Judge's discretionary bond decision made under § 1226.

For these reasons, Petitioner's Motion for Immediate Release [Doc. No. 18] is **DENIED**.

**IT IS SO ORDERED** this 6th day of August, 2026.

TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE